(173 App. Div. 713)

### PEOPLE v. DONNELLY.

(Supreme Court, Appellate Division, Second Department. June 16, 1916.)

POISONS ⬡⟿9—POSSESSION—STATUTE—APPLICATION.

     In a prosecution upon information charging defendant with the unlawful possession of heroin, where the evidence did not indicate that heroin or heroin hydrochloride, of which defendant had had possession, is an element of any of the substances enumerated in Penal Law (Consol. Laws, c. 40) § 1746, regulating the sale of alkaloid cocaine, or alpha or beta eucaine, or their salts, or any admixture, compound, solution, or product of which cocaine or eucaine, or their salts, may be an ingredient, the section was inapplicable, and conviction could not rest on it.

     [Ed. Note.—For other cases, see Poisons, Cent. Dig. § 6; Dec. Dig. ⬡⟿9.]

Appeal from Court of Special Sessions, Borough of Queens.

John Donnelly was convicted of being unlawfully possessed of

heroin, and he appeals: Judgment reversed, and information dismissed.

Argued before JENKS, P. J., and THOMAS, CARR, MILLS, and RICH, JJ.

Benjamin T. Hock, of Brooklyn (Louis Bergmann, of Brooklyn, on the brief), for appellant.

Denis O'Leary, of Long Island City (James F. Barry, of Long Island City, on the brief), for the People.

THOMAS, J. The appellant was convicted upon an information charging that he was unlawfully possessed of a quantity of heroin. A police officer saw the defendant walking on Rockaway Road, and, approaching, asked him "where he was going," and, as testified, "he put his hand in his pocket and dropped a small package in the street." A chemist opened the package, and "found a small package there of white powder, * * * analyzed the white powder, and found it contained heroin hydrochloride." The brief for the respondents refers the case to section 1746 of the Penal Law, which regulates the sale of "alkaloid cocaine or its salts, or alpha or beta eucaine or their salts, or any admixture, compound, solution or product of which cocaine or eucaine or their salts may be an ingredient." The evidence does not indicate that heroin or heroin hydrochloride is an element of any of the substances enumerated. Hence the section, so far as appears, is not applicable.

So the judgment of conviction of the Court of Special Sessions should be reversed, and, as the information is laid under that section, it should be dismissed. All concur.